IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| C. DEAN LARSEN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER<br><br><br><br>Case No. 2:04-CV-94 DB |

This matter is before the Court on Plaintiff's motion for attorney's fees and litigation costs. (Dkt. No. 44.) The government opposed Plaintiff's motion (Dkt. No. 49), and Plaintiff did not file a reply. Having considered the relevant facts and law, and for the reasons stated below, Plaintiff's motion is denied.

Rule 54 of the Federal Rules of Civil Procedure, which generally provides the means by which prevailing parties can recover costs and attorney's fees, explicitly states that "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d). Because Plaintiff's case involved a dispute concerning federal taxes, § 7430 of the Internal Revenue Code provides the exclusive means by which Plaintiff, the taxpayer, may recover attorneys fees and costs from the United States.

In order to be eligible for an award of reasonable litigation costs and attorney's fees under 26 U.S.C. § 7430, Plaintiff has the burden of establishing: (1) that he has exhausted all administrative remedies within the IRS; (2) that the requested award constitutes "reasonable litigation costs" as defined by § 7430(a)(1); and (3) that Plaintiff is the "prevailing party" as defined by § 7430(c)(4)(A).

A party "shall not be treated as a prevailing party" under § 7430(c)(4) if the United States establishes that its position "in the proceeding was substantially justified." 28 U.S.C. § 7430(c)(4)(B). The term "substantially justified" in this context means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in both law and fact." Pate v. United States, 982 F.2d 457, 459 (10th Cir. 1993) (citing Pierce v. Underwood, 487 U.S. 552, 563-65 (1988)).

Applying this test, the Court finds that the position of the United States in this case was "substantially justified" within the meaning of 28 U.S.C. § 7430. During the course of the litigation in this matter, the Court has become very familiar with the facts and intricacies of both this case as well as the former and related case of Hill v. United States, Civil No. 90-CV-801, before Judge Greene. Following the parties' initial briefing on their cross-motions for summary judgment in this case, the Court conducted a lengthy hearing and then ordered supplemental briefing on specific issues raised by the Court. Thereafter, the Court once again listened to oral argument on the issues addressed in the supplemental briefs. Although the Court ultimately granted Plaintiff's motion for summary judgment, the Court nonetheless finds, based on its review of the record, that the United States' position had a reasonable basis in both law and fact

and was substantially justified.

Because Plaintiff does not satisfy the "prevailing party" requirement of § 7430 of the Internal Revenue Code, his motion for costs and attorney's fees is DENIED.

Dated this 18th day of February, 2009.

_____
Dee Benson
United States District Judge